UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80349-CIV-MARRA/JOHNSON

WENDY LURIA-AKIN, as Power of Attorney
for PEARL LURIA,

      Plaintiff,

v.

DEVONSHIRE AT PGA NATIONAL, LLC,
a foreign limited liability company, and
JOHN DOE, a Florida resident,

      Defendants.
_____/

## ORDER REMANDING CASE

THIS CAUSE is before the Court *sua sponte*.

On April 7, 2008, Defendant Devonshire at PGA National, LLC, ("Defendant") filed a Notice of Removal (DE 1) with this Court, removing an action brought against it by Plaintiff Wendy Luria-Akin ("Plaintiff") on behalf of Pearl Luria in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Defendant asserts this Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. Under § 1332, the Court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." *Id.* A corporation is deemed to be a citizen of both the state in which it has been incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

After examining Plaintiff's state court Complaint, the Court can find no allegations

supporting this Court's exercise of diversity jurisdiction. Specifically, the Complaint contains no allegations that the amount-in-controversy exceeds $75,000, nor has any party attached any other evidence suggesting an amount-in-controversy exceeding $75,000 (e.g., a demand letter). Instead, Defendant relies on an affidavit made by Defendant's counsel stating that a "fair reading of the Complaint and Plaintiff's allegations therein indicate that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of attorney's fees, interests and costs." (Ullman Aff. ¶ 4.)

Where a defendant removes a case but the exact amount of damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a "preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). In the Eleventh Circuit, a Court must "review the propriety of removal on the basis of the removing documents." *Lowery,* 483 F.3d at 1211. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Id.* Specifically, the Court "considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213; *see also Lindsey v. Alabama Telephone Co.*, 576 F.2d 593, 594 (5th Cir. 1978)[1] ("We must therefore consider whether, when the petition for removal was filed in the district court, the complaint adequately alleged the existence of the jurisdictional amount."). If the evidence is insufficient to establish the Court's jurisdiction, "neither the defendants nor the court may speculate in an attempt to make up for the

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

notice's failings." *Lowery*, 483 F.3d 1214-15; *see also Lindsey*, 576 F.2d at 595.

     In this case, the only allegation regarding an amount-in-controversy is that the action seeks more than $15,000. (Compl. ¶ 1.) Defendant does not demonstrate how it reached its conclusion that the damages Plaintiff seeks exceed $75,000. Defendant has also not provided any extrinsic evidence demonstrating any particular amount-in-controversy, like a letter demanding a sum certain from Plaintiff, or responses to discovery requests that demonstrate that Plaintiff's claim exceeds the jurisdictional amount. Examining the Notice of Removal, it appears as if Defendant merely assumes that the total cost of these procedures must exceed $75,000; Defendant apparently expects the Court to assume the same. "[T]he defendant is not excused from the duty to show by fact, and not merely conclusory allegation, that federal jurisdiction exists." *Lowery*, 483 F.3d 1217. However, the absence of any factual allegations or support "pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery*, 483 F.3d 1215. Defendant's counsel's affidavit, while sworn under penalty of perjury, amounts to little more than a conclusory allegation without support.

     The Court concludes that Defendant has not made a sufficient demonstration that the amount-in-controversy requirement has been satisfied. Post-removal jurisdictional discovery is not permitted to demonstrate the actual amount-in-controversy. *See Lowery*, 483 F.3d 1216-18.

     Furthermore, Plaintiff is suing as "Power of Attorney" for Pearl Luria, the injured party. The granting of a power of attorney is not the equivalent of the assignment of the rights to a claim. In other words, the person holding a power of attorney does not have the right to sue in her own name. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17-18 (2d Cir.

3

1997) (collecting cases). If the grantee of the power of attorney is not suing in her own name but is suing in the name of the injured party, then the real party in interest is the injured party, not the grantee of the power of attorney. The citizenship of the injured party, not the grantee, controls for purposes of determining diversity jurisdiction. *See Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) ("Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *see also* 28 U.S.C. § 1332(c)(2) (explaining that the citizenship of the legal representative of a decedent, an infant, or an incompetent shall be deemed to be whatever the citizenship of the decedent, infant, or incompetent is).

In this case, the injured party, Pearl Luria, is the real party in interest. Therefore, Ms. Luria's citizenship controls for purposes of determining diversity jurisdiction. However, the Court finds no allegations in the Complaint suggesting that Ms. Luria is a citizen of a state other than Florida. The Complaint only states that Ms. Luria was a resident of Florida in 2007. (Compl. ¶¶ 7-8.) Thus, without allegations or evidence to show Ms. Luria's citizenship, Defendant has not established that the Court has diversity jurisdiction over this case. The Court has no option but to remand this action to state court.[2]

---

[2]While not implicating the Court's jurisdiction, the Court also notes that Defendant is a citizen of Florida, because Defendant maintains its principal place of business in Palm Beach Gardens, Florida. (DE 1 ¶ 4.) Section 1441 explicitly bars a defendant from removing an action on the basis of diversity if any of the defendants are citizens of the state in which the state court action was brought. 28 U.S.C. 1441(b). Further, 28 U.S.C. § 1446(b) requires that "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Here, Defendant states that it was served with the Complaint on March 5, 2008, but Defendant did not file a Notice of Removal until April 7, 2008. Defendant failed to file its Notice of Removal within the permitted thirty day window and removal of this action is time-barred. Thus, even if the Court did have jurisdiction over this action, Defendant's removal of this action was wholly improper.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the above-styled action is **REMANDED** back to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, for want of jurisdiction. Any pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of April, 2008.

                                                  KENNETH A. MARRA
                                                  United States District Court

Copies furnished to:
all counsel of record